UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODE SYSTEMS CORPORATION d/b/a TURBO.NET,<br><br>Plaintiff,<br><br>v.<br><br>LEANDER MURPHY,<br><br>Defendant. | Case No. C18-49RSL<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on plaintiff's "Motion for Temporary Restraining Order, Order to Show Cause, and Order for Limited, Expedited Discovery." Dkt. # 2. The Court has considered the parties' memoranda and accompanying declarations. For the reasons explained below, the motion is DENIED.

## I. BACKGROUND

Plaintiff Code Systems Corporation, doing business as Turbo.net (hereinafter "Turbo"), provides services that allow its clients to run old software on new operating systems. Defendant Leander Murphy was a Technical Account Manager at Turbo until he resigned in September 2017 and left the company the following month.

Mr. Murphy worked at Turbo under an employment contract. It included a confidentiality provision that prohibited him from disclosing, either during or after employment, any proprietary information that Turbo kept confidential. Dkt. # 4 at 8–9. It also included a noncompetition provision, which stated that while Mr. Murphy worked at Turbo and for one

ORDER DENYING MOTION FOR TRO - 1

year after he left, he would not perform or solicit any competitive services to any of Turbo's clients or to any prospective clients Mr. Murphy played a role in soliciting. Dkt. # 4 at 9. Mr. Murphy also entered into a stock option agreement with Turbo in October 2013, which included similar confidentiality and noncompetition provisions. Dkt. # 4 at 17.

At Turbo, Mr. Murphy had a prominent role in a partnership with Rimini Street, Inc. ("RSI"), a company that had hired Turbo to provide consulting and support services to RSI's clients. As noted, Mr. Murphy resigned his position with Turbo in September 2017. According to him, he resigned with no plans of working at RSI, but he applied for and accepted a position there after he left Turbo. He asserts that he joined RSI under the impression that Turbo's CEO, Kenji Obata, approved of and even encouraged the move based on Turbo's then-existing partnership with RSI. Dkt. # 10 at 3.

In December 2017, a billing dispute arose between the two companies. Several days later, Mr. Obata also learned Mr. Murphy had accepted a position with RSI. In an email to RSI CEO Seth Ravin about the billing issue, Mr. Obata also raised the issue of RSI recruiting Mr. Murphy. Dkt. # 4 at 29–30. Mr. Ravin responded with several emails promising to investigate the matter, to which Mr. Obata responded, "Hope we can work it out." Dkt. # 4 at 28.

Several days later, Turbo sent letters through counsel to RSI and Mr. Murphy objecting to Mr. Murphy working there. Dkt. # 3 at 13–18. Mr. Ravin responded that the matter would have to be resolved by the parties' attorneys given the threat of a lawsuit. Dkt. # 4 at 26. He also expressed regret that a potential legal dispute meant the companies would have to end their partnership.

On January 12, 2018, Turbo filed a complaint against Mr. Murphy alleging breach of contract and violations of state and federal trade-secret laws. Dkt. # 1. In addition, Turbo filed the instant motion for a temporary restraining order, Dkt. # 2, seeking to restrain Mr. Murphy from working at RSI. Turbo also requested leave to propound expedited discovery related to Mr. Murphy's hiring and employment.

On January 18, 2018, Mr. Murphy responded. Dkt. # 9. In a sworn declaration, Dkt. # 10, Mr. Murphy asserts that RSI and Turbo are not competitors. Indeed, he asserts that RSI initially

ORDER DENYING MOTION FOR TRO - 2

1 hired Turbo because Turbo provides services RSI does not. He also states that he is not working
2 in a competitive capacity at RSI, nor is he working with or soliciting any current or prospective
3 Turbo clients. In addition, Mr. Murphy asserts that he acquired little or no confidential and
4 proprietary information while working at Turbo, and that he has not and will not disclose any of
5 it if he did. A declaration by Desmond Whitt, Dkt. # 11, the RSI Vice President who hired Mr.
6 Murphy, further affirms that Mr. Murphy's work is and will remain outside the scope of the
7 services Turbo offers. Mr. Whitt also states that Mr. Murphy has not shared any confidential or
8 proprietary information.

## II. DISCUSSION

In considering a motion for a temporary restraining order, the Court weighs plaintiff's likelihood of success on the merits, the likelihood of irreparable injury, the balance of hardships, and the public interest. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Likelihood of success on the merits is the most important factor, and a party seeking a stay or temporary restraining order will not succeed without passing that threshold inquiry. Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).

On the record before the Court, Turbo has not met its burden of showing a likelihood of success on the merits. Regarding Mr. Murphy's employment agreement, the record does not support a finding that Turbo will likely show he is performing or soliciting competitive services to current or prospective Turbo clients. For the stock option agreement, it indicates that its noncompetition provision does not cover a noncompetitive job at another company, even if the other company may compete with Turbo in unrelated ways. Dkt. # 4 at 17. Mr. Murphy and Mr. Whitt both affirm that Mr. Murphy's job responsibilities do not include competitive services and that he does not work with current or prospective Turbo clients. Nothing in the record contradicts those sworn statements, and the Court has no reason to doubt them.

The Court also finds Turbo has not met its burden of showing a likelihood of success on its trade-secret claims. There is insufficient evidence to support a finding that Mr. Murphy acquired any Turbo trade secrets and that the information has been or will be disclosed. See 18 U.S.C. § 1836(3), (5); RCW 1908.108.010(2), (4).

ORDER DENYING MOTION FOR TRO - 3

Because the Court concludes that, based on the record, Turbo has not met the threshold requirement of showing a likelihood of success on the merits, the Court need not consider the other factors for preliminary relief. See Garcia, 786 F.3d at 740.

Finally, Turbo requests expedited discovery to obtain information from Mr. Murphy and RSI regarding the context of his hiring and employment. Much of the information Turbo seeks in its discovery requests is provided in Mr. Murphy's response and in the accompanying declarations of Mr. Murphy and Mr. Whitt. The traditional tools of discovery will be at Turbo's disposal as this matter proceeds, but given the answers Mr. Murphy's filings provide, the Court finds expedited discovery is not warranted.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion, Dkt. # 2, is DENIED.

DATED this 23rd day of January, 2018.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR TRO - 4