1

The Honorable Robert S. Lasnik

2

3

4

5

6

7            UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8                AT SEATTLE

9 CODE SYSTEMS CORPORATION d/b/a
TURBO.NET, a Washington corporation,

10                        No. 2:18-cv-00049-RSL

              Plaintiff,

11                        STIPULATED PROTECTIVE
      v.                          ORDER

12

13 LEANDER MURPHY, an individual,

              Defendant.

14

15       The parties stipulate and agree to this protective order.

16 1.     <u>PURPOSES AND LIMITATIONS</u>

17       Discovery in this action is likely to involve production of confidential, proprietary, or

18 private information of the parties (and third parties) for which special protection may be

19 warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

20 following Stipulated Protective Order, which shall apply to all discovery in this action,

21 including third-party discovery. The parties acknowledge that this agreement is consistent with

22 LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery,

23 the protection it affords from public disclosure and use extends only to the limited information

24 or items that are entitled to confidential treatment under the applicable legal principles, and it

25 does not presumptively entitle parties to file confidential information under seal.

26

27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

2.   "CONFIDENTIAL" MATERIAL

"Confidential" material may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

The following documents and tangible things produced or otherwise exchanged may be designated "CONFIDENTIAL":

1.   Documents containing financial information of one or more of the parties (or third parties);

2.   Documents containing information related to the marketing, pricing and delivery of the goods or services of one or more the parties (or third parties);

3.   Documents containing information related to business or legal processes and methods of one or more of the parties (or third parties);

4.   Documents containing information regarding future product, development, branding/marketing strategies, and business plans of one or more of the parties (or third parties); and

5.   Documents containing personally identifiable information (PII) pertaining to any individuals.

The following documents and tangible things produced or otherwise exchanged may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

1.   Documents and tangible things produced or otherwise exchanged that would fall under the categories listed above but that the designating party in good faith reasonably believes to contain information of a particularly sensitive or confidential nature that warrants further restricted disclosure, such as trade secrets, certain pricing and financial information, certain business or legal processes and methods, certain future product, development, branding/marketing strategies, and business plans, or information the disclosure of which to another party or non-party would create a substantial risk of serious harm to the designating party that could not be avoided by less restrictive means—and

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1       documents and things may only be designated HIGHLY CONFIDENTIAL-

2       ATTORNEY'S EYES ONLY if the designating party believes in good faith that

3       designation as CONFIDENTIAL will not provide adequate protection.

4    3.    SCOPE

5       The protections conferred by this agreement cover not only confidential material (as

6    defined above), but also (1) any information copied or extracted from confidential material; (2)

7    all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

8    conversations, or presentations by parties or their counsel that might reveal confidential

9    material.

10      However, the protections conferred by this agreement do not cover information that is

11   in the public domain or becomes part of the public domain through trial or otherwise.

12   4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

13      4.1    Basic Principles. A receiving party may use confidential material disclosed or

14   produced by another party or by a non-party in connection with this case and that has been

15   designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16   ONLY" only for prosecuting, defending, or attempting to settle this litigation. Confidential

17   material may be disclosed only to the categories of persons and under the conditions described

18   in this agreement. Confidential material must be stored and maintained by a receiving party at a

19   location and in a secure manner that ensures that access is limited to the persons authorized

20   under this agreement.

21      4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

22   ordered by the Court or permitted in writing by the designating party, a receiving party may

23   disclose any material designated "CONFIDENTIAL" only to:

24          (a)    the receiving party's outside counsel of record in this action, as well as

25   employees of such counsel to whom it is reasonably necessary to disclose the information for

26   this litigation;

27

STIPULATED PROTECTIVE ORDER
(2:18-cv-00049-RSL) - 3
4824-3204-9498v.1 0081779-000018

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1        (b)    the officers, directors, and employees (including in house counsel) of the

2 receiving party to whom disclosure is reasonably necessary for this litigation;

3        (c)    experts and consultants to whom disclosure is reasonably necessary for

4 this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

5 (Exhibit A);

6        (d)    the Court, Court personnel, and court reporters and their staff;

7        (e)    copy, document management, electronic discovery, or imaging service

8 providers retained by counsel to assist in the management and duplication of confidential

9 material, provided that such service provider has agreed in writing to use any confidential

10 material only to perform services for the party that has retained it in this litigation, not to

11 disclose any confidential material to third parties and to immediately return all originals and

12 copies of any confidential material upon completion of the service;

13        (f)    during their depositions, witnesses in the action to whom disclosure is

14 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

15 Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court

16 (with the further requirement that pages of transcribed deposition testimony or exhibits to

17 depositions that reveal confidential material must be separately bound by the court reporter and

18 may not be disclosed to anyone except as permitted under this agreement);

19        (g)    the author or recipient of a document containing the information or a

20 custodian or other person who otherwise possessed or knew the information.

21        (h)    mock trial and jury consultants, including, but not limited to, mock jurors

22 who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

23        (i)    any mediator retained by the parties or appointed by the Court in this

24 action and employees of such mediator who are assisting in the conduct of the mediation,

25 provided that such mediator has agreed in writing to maintain the confidentiality of confidential

26 information received in this action.

27

STIPULATED PROTECTIVE ORDER
(2:18-cv-00049-RSL) - 4
4824-3204-9498v.1 0081779-000018

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    4.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2 Information or Items. Unless otherwise ordered by the Court or permitted in writing by the

3 designating party, a receiving party may disclose "HIGHLY CONFIDENTIAL –

4 ATTORNEYS' EYES ONLY" material only to:

5    (a)    the receiving party's outside counsel of record in this action, as well as

6 employees of such counsel to whom it is reasonably necessary to disclose the information for

7 this litigation;

8    (b)    experts and consultants to whom disclosure is reasonably necessary for

9 this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

10 A), and as to whom the procedures and requirements set forth in paragraph 4.4 have been

11 satisfied;

12    (c)    the court, court personnel, and court reporters and their staff;

13    (d)    copy, document management, electronic discovery, or imaging service

14 providers retained by counsel to assist in the management and duplication of confidential

15 material, provided that such service provider has agreed in writing to use any confidential

16 material only to perform services for the party that has retained it in this litigation, not to

17 disclose any confidential material to third parties and to immediately return all originals and

18 copies of any confidential material upon completion of the service;

19    (e)    the author or recipient of a document containing the information or a

20 custodian or other person who otherwise possessed or knew the information; and

21    (f)    any mediator retained by the parties or appointed by the court in this

22 action and employees of such mediator who are assisting in the conduct of the mediation,

23 provided that such mediator has agreed in writing to maintain the confidentiality of confidential

24 information received in this action.

25    4.4    Challenging Expert or Consultant. A receiving party that wishes to provide

26 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material received from a

27 producing party to an expert or consultant shall first provide the producing party with: (i) a

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   current curriculum vitae for the expert or consultant, which shall include a description of past

2   and present employers by whom the expert or consultant has been employed and (subject to the

3   second sentence of this paragraph) persons or entities by whom the expert or consultant has

4   been engaged in any consulting or expert engagements within the last five years, as well as a

5   general description of the nature of such engagements and identify whether the expert has

6   worked on behalf of the party, and (ii) a copy of a completed and signed copy of the

7   "Acknowledgment and Agreement to Be Bound" (Exhibit A). If an expert or consultant is

8   precluded by virtue of a non-disclosure agreement from disclosing either the existence or

9   nature of any such engagement or the identity of the entity for which the services were or are

10   being performed, then the expert or consultant shall state that certain information is being

11   withheld on that basis and shall supplement his/her disclosure with such additional information

12   as he/she believes would be helpful to the parties and the court in determining whether any

13   undisclosed consulting relationship would create a likelihood that the expert or consultant

14   would have a conflict of interest in the engagement for this litigation, or should otherwise be

15   precluded from acting as an expert or consultant in this litigation.

16       (a)       Within eight days after the producing party's receipt of the information

17   described in paragraph 4.4 and the signed undertaking in the form of Exhibit A, the producing

18   party may object in writing to the proposed expert or consultant if facts available to that party

19   show there is a reasonable likelihood disclosure of the confidential material to the proposed

20   expert or consultant would create a risk of harm to the producing party. Failure to object in

21   writing to a proposed expert or consultant within eight days will be deemed a waiver of any

22   objection to the proposed expert or consultant.

23       (b)       If the producing party objects to the proposed expert or consultant, the parties

24   shall meet and confer in good faith in an attempt to resolve their dispute without resort to the

25   court. If the parties' dispute remains unresolved seven days following the producing party's

26   communication of its objection, the producing party may seek a ruling from the court on the

27   merits of the producing party's objection. Pending a ruling by the court, the proposed expert or

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  consultant shall not have access to material or information designated by the producing party

2  unless such access has been previously approved. Failure to seek a ruling from the court as

3  described above within fourteen days following the producing party's initial communication of

4  its objection will be deemed a waiver of any objection to the proposed expert or consultant.

5      4.5    Filing Confidential Material. Before filing confidential material or discussing or

6  referencing such material in court filings, the filing party shall confer with the designating party

7  to determine whether the designating party will remove the confidential designation, whether

8  the document can be redacted, or whether a motion to seal or stipulation and proposed order is

9  warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the

10  standards that will be applied when a party seeks permission from the court to file material

11  under seal.

12  5.     DESIGNATING PROTECTED MATERIAL

13      5.1    Exercise of Restraint and Care in Designating Material for Protection. Each

14  party or non-party that designates information or items for protection under this agreement

15  must take care to limit any such designation to specific material that qualifies under the

16  appropriate standards. The designation may be applied to the entirety of a document.

17  However, upon reasonable request of the opposing party, the producing party must provide a

18  more narrowly designated version of a document previously designated in its entirety,

19  designating for protection only those parts of material, documents, items, or oral or written

20  communications that qualify for protection.

21      Mass, indiscriminate, or routinized designations and mass, indiscriminate, or routinized

22  requests for narrower designations of documents designated in their entirety are prohibited.

23  Designations that are shown to be clearly unjustified or that have been made for an improper

24  purpose (e.g., to unnecessarily encumber or delay the case development process or to impose

25  unnecessary expenses and burdens on other parties) may expose the designating party to

26  sanctions.

27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1         If it comes to a designating party's attention that information or items that it designated

2   for protection do not qualify for protection, the designating party must promptly notify all other

3   parties that it is withdrawing the mistaken designation.

4         5.2     Manner and Timing of Designations. Except as otherwise provided in this

5   agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

6   ordered, disclosure or discovery material that qualifies for protection under this agreement must

7   be clearly so designated before or when the material is disclosed or produced.

8         (a)     Information in documentary form: (e.g., paper or electronic documents

9   and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

10  proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each document.  To the extent

12  reasonably practicable, the designation shall also be included in a data field reserved for

13  confidentiality designations in the load file metadata for each document exchanged

14  electronically.

15        (b)     Testimony given in deposition or in other pretrial ~~or trial~~ proceedings:

16  the parties may identify on the record, during the deposition, hearing, or other proceeding, all

17  testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

18  ATTORNEYS' EYES ONLY", without prejudice to their right to so designate other testimony

19  after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a

20  deposition transcript, designate portions of the transcript, or exhibits thereto, as

21  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Until

22  this fifteen day period has concluded, if any testimony has been designated "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY," the entirety of the deposition transcript

24  shall be presumptively treated by the receiving party as having been designated by the

25  producing party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; otherwise,

26  until this fifteen day period has concluded, the entirety of the deposition transcript shall be

27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   presumptively treated by the receiving party as having been designated by the producing party

2   as "CONFIDENTIAL".

3             (c)      Other tangible items: the producing party must affix in a prominent place

4   on the exterior of the container or containers in which the information or item is stored the

5   word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6   If only a portion or portions of the information or item warrant protection, the producing party,

7   to the extent practicable, shall identify the protected portion(s).

8             5.3      Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

9   designate confidential information or items does not, standing alone, waive the designating

10  party's right to secure protection under this agreement for such material. Upon timely

11  correction of a designation, the receiving party must make reasonable efforts to ensure that the

12  material is treated in accordance with the provisions of this agreement.

13  6.        CHALLENGING CONFIDENTIALITY DESIGNATIONS

14            6.1      Timing of Challenges. Any party or non-party may challenge a designation of

15  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

16  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

17  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

18  challenge a confidentiality designation by electing not to mount a challenge promptly after the

19  original designation is disclosed.

20            6.2      Meet and Confer. The parties must make every attempt to resolve any dispute

21  regarding confidential designations without court involvement. Any motion regarding

22  confidential designations or for a protective order must include a certification, in the motion or

23  in a declaration or affidavit, that the movant has engaged in a good faith meet and confer

24  conference with other affected parties in an effort to resolve the dispute without court action.

25  The certification must list the date, manner, and participants to the conference. A good faith

26  effort to confer requires a face-to-face meeting or a telephone conference.

27

STIPULATED PROTECTIVE ORDER
(2:18-cv-00049-RSL) - 9
4824-3204-9498v.1 0081779-000018

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

6.3   Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that party must:

(a)   promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were

STIPULATED PROTECTIVE ORDER
(2:18-cv-00049-RSL) - 10
4824-3204-9498v.1 0081779-000018

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   made of all the terms of this agreement, and (d) request that such person or persons execute the

2   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

3   9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL
4

5        If information subject to a claim of attorney-client privilege, attorney work product or

6   any other ground on which production of such information should not be made to any party is

7   nevertheless inadvertently produced, such production shall in no way prejudice or otherwise

8   constitute a waiver of, or estoppel to, any claim of privilege, work product or other ground for

9   withholding production to which the producing party would otherwise be entitled. If the

10  producing party makes a claim of inadvertent production with respect to information then in the

11  custody of any receiving party or parties, the receiving party or parties shall promptly return the

12  information to the producing party and the receiving party or parties shall not use such

13  information for any purpose other than in connection with a motion to compel production. The

14  receiving party may then move the court for an order compelling production of the material,

15  and the motion shall not assert as a ground for entering such an order the fact or circumstances

16  of the inadvertent production. This paragraph should not be interpreted to abrogate any legal

17  rights and obligations of the parties with respect to inadvertent disclosures of privileged

18  information under any applicable rules of evidence or of professional conduct. This provision is

19  not intended to modify whatever procedure may be established in an e-discovery order or

20  agreement that provides for production without prior privilege review. In such circumstance,

21  parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

22  10.  NON TERMINATION AND RETURN OF DOCUMENTS

23       Within 60 days after the termination of this action, including all appeals, each receiving

24  party must destroy or return all confidential material to the producing party, including all

25  copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate

26  methods of destruction.

27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    Notwithstanding this provision, counsel are entitled to retain one archival copy of all

2  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

3  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

4  work product, even if such materials contain confidential material.

5    The confidentiality obligations imposed by this agreement shall remain in effect until a

6  designating party agrees otherwise in writing or a court orders otherwise.

7    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8  DATED: February 23, 2018

9  DAVIS WRIGHT TREMAINE LLP          LITTLER MENDELSON, P.C.

10

11  By s/Stuart R. Dunwoody              By:s/Ryan P. Hammond
      Stuart R. Dunwoody, WSBA #13948       Ryan P. Hammond, WSBA #38888
12     Arthur A. Simpson, WSBA #44479       Birgitte M. Gingold, WSBA #50630
    1201 Third Avenue, Suite 2200        600 University Street, Suite 3200
13  Seattle, WA 98101-3045               Seattle, WA 98101-3122
    Tel:  206-622-3150                   Tel:  206-623-3300
14  Fax:  206-757-7700                   Fax: 206-447-6965
    Email:  stuartdunwoody@dwt.com       Email:  rhammond@littler.com
15  Email:  arthursimpson@dwt.com        Email:  bgingold@littler.com

16

17  Attorneys for Plaintiff               Attorneys for Defendant
    Code Systems Corporation d/b/a Turbo.net    Leander Murphy

18

19

20    PURSUANT TO STIPULATION, IT IS SO ORDERED.

21  DATED:___March 1, 2018___  ___MMt S Casmik___
                              UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court

for the Western District of Washington on _____ in the case of *Code*

*Systems Corporation d/b/a Turbo.net v. Leander Murphy* (Case No. 2:18-cv-00049-RSL). I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax